BEFORE THE THIRD DIVISION, JANUARY 9, 1946

**No. 50801.**—Protest 93778–K of Reichard Coulston, Inc. (New York).

KEEFE, Judge:  The merchandise here is invoiced as "synthetic red oxide of iron (crude) Prepared from Bauxite Residue," item 2102, and "synthetic red oxide of iron (calcined bauxite residue)," item 2152.  Duty was assessed thereon at 30 percent ad valorem under paragraph 214, Tariff Act of 1930, as an earthy or mineral substance.  The plaintiff claims that the merchandise is free of duty under paragraph 1664 as a metallic mineral substance in a crude state, or under paragraph 1719 as a crude mineral; or, if dutiable, the merchandise is properly dutiable at 10 percent ad valorem under paragraph 1555 as a waste, not specially provided for, or at 10 percent ad valorem as a nonenumerated raw or unmanufactured article under paragraph 1558, or at 20 percent ad valorem under the same paragraph as a nonenumerated manufactured article.  By amendment of the protest it is further claimed that the merchandise is dutiable under paragraph 207, as amended by T. D. 49753, at $1 per ton or $2 per ton as a clay or earth.

At the trial it was agreed between counsel that item 2102 is the same in all material respects as exhibit A in the case of *Coulston* v. *United States*, 12 Cust. Ct. 208, C. D. 856, and that item 2152 is the same in all material respects as exhibit B in that case.  The merchandise at issue in C. D. 856 was illustrated by exhibit B.  The record in the foregoing case was incorporated with and made a part of the record here.

In C. D. 856 it was agreed between counsel that in the treatment of bauxite ore, for purposes of separation of its alumina content, a residue in the form of a sludge remains.  This residue, after being washed and calcined, or heated, to drive off the moisture, is illustrated by exhibit A; and when such merchandise is crushed or ground, it is in the form of exhibit B, the merchandise before the court in C. D. 856.

In that case this court held that the ground product was not free of duty as a metallic mineral substance, because that tariff term "has consistently been construed as including such articles as contain metal as an element."  Also that it was not classifiable as a clay or earth because bauxite did not contain any aluminum silicate, the principal ingredient of clay.  The court there further held that the crushing of the material would exclude it from classification under the provisions of paragraph 1555 as a waste, although the claims under paragraphs 1558 and 1555 were not particularly stressed at the trial.

This court, in its decision in C. D. 856, stated that "This product represents the iron oxide portion of the bauxite together with a few other impurities."

Counsel for the plaintiff now argues that the court was under a misapprehension in making such statement, pointing out that only 56 percent of the imported article was iron oxide and that the total oxides constituted 95 percent of the composition of the article. This court could have been more explicit but did not think it necessary to set out the exact composition of the waste material because the chief chemist, without contradiction, described the production of illustrative exhibit A in language following:

The first process ends with the separation of the alumina from the iron oxide, with a few impurities, and this portion represents the iron oxide portion. (Record p. 24.)

Counsel for the plaintiff contends that the merchandise represented by illustrative exhibit A is classifiable as a crude mineral under duty-free paragraph 1719 for the following reasons:

* * * That it is a mineral is shown not only by the record but by the classification under paragraph 214, and the drying was not an advancement by refining or grinding, nor a process of manufacture; it merely drove off the moisture, according to the stipulation. * * * Because the calcining was not a refining, grinding or manufacture, the commodity retained its status as a waste. However, it is clear that the free provision is more specific than the provision for "waste, not specially provided for." * * *

Paragraph 214 differs from paragraph 1719 only in that the former covers wholly or partly manufactured articles and materials, while the latter covers those not advanced. * * * (Plaintiff's brief, pages 2 and 3.)

We are unable to agree with the plaintiff that item 2102 is a crude mineral. Admittedly, it is a residue from a process extracting a crude mineral, to wit, alumina, from its native state. The decisions cited by the plaintiff are not in point because the articles under consideration in the cases cited pertained to the crude mineral extracted from its native state, and not to the remaining residue. We are of the opinion that item 2102 is a waste product, but it is a waste product which has been treated by calcining to drive off moisture, and even if calcining may not be deemed to be a manufacturing process by which a new article, having a new name, character, and use, has emerged, as it has in this treatment, it is a waste product of the character of articles more specifically provided for under paragraph 214, as mineral substances, as assessed by the collector.

For the reasons stated, we hold that item 2102 is more specifically provided for as an earthy or mineral substance under paragraph 214, than as a waste, not specifically provided for, under paragraph 1555, or as a crude mineral under paragraph 1719, or as a metallic mineral substance under paragraph 1664, or as a raw or unmanufactured article, or as a manufactured article, not specially provided for, under paragraph 1558. We further hold item 2152 properly dutiable as assessed following the decision in C. D. 856, incorporated herein.

Judgment will therefore be entered in favor of the Government overruling the protest.